```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT

UNITED STATES OF AMERICA      )
                              )
            v.                )Criminal No. 2:03-CR-132-01
                              )
CHRISTOPHER J. LAGASSE        )
```

MEMORANDUM and ORDER

Defendant Christopher J. Lagasse filed a Motion for Dismissal of Indictment (Doc. 54) on May 18, 2005, asserting a violation of the Speedy Trial Act, 18 U.S.C. §3161-3174. The government opposed the motion. The Court conducted a hearing on August 5, 2005. Based upon consideration of the filings and arguments of counsel, the Court denied the motion at the close of the hearing. This opinion details the basis of the Court's ruling.

The purpose of the Speedy Trial Act is "to quantify and make effective the Sixth Amendment right to a speedy trial." *Henderson v. United States*, 476 U.S. 321, 333 (1986)(White, dissenting). The Act sets a seventy-day time limit on the prosecution for bringing a case to trial from the latest of either the filing of the indictment or a defendant's appearance before a judicial officer. 18 U.S.C. §3161(c)(1). If the trial does not begin within the seventy-day period, the case must be dismissed with or without prejudice upon motion of the defendant. 18 U.S.C. §3162(a)(2). The district court determines whether the case is dismissed with

or without prejudice, based on the seriousness of the offense; the facts and circumstances which led to the dismissal; and the impact of a re-prosecution.  *Id.; United States v. Taylor*, 487 U.S. 326, 335 (1988).

The statute permits certain "periods of delay [to be] excluded in computing the time within which the trial . . . must commence."  18 U.S.C. §3161(h).  There are three provisions for excludable delay relevant to this case.  Section 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Essentially, the filing of a pretrial motion tolls the running of the statute until completion of the hearing and submission of all supplemental filings.

Second, the period of delay caused by the filing of pretrial motions may be extended pursuant to Section 3161(h)(1)(J) for an additional period not to exceed thirty days during which the motion is actually under advisement.  The thirty-day period begins at the completion of the hearing or the submission of post-hearing memoranda, whichever occurs later.

Finally, Section 3161(h)(8)(A) provides that a court may grant a "continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial."  The statute sets out numerous factors to be considered by the court in assessing whether a continuance serves the ends of justice, including whether failure to grant such relief would unreasonably deny a defendant or the Government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

This Court has traditionally used this provision to set motions-filing deadlines beyond thirty days from the date of arraignment, finding that such delays are necessary to permit defense counsel to receive and assess all discovery and file pretrial motions.  Prior to the establishment of this policy, defense counsel in the vast majority of cases routinely filed motions for continuances as the end of the thirty-day period approached.  Now, the speedy trial clock is tolled in this district when parties have requested more than a brief period of time for the filing of pretrial motions.  This section is also used to reset the speedy trial clock upon the filing of a superseding indictment, provided the superseding indictment adds substantive counts that require additional discovery.

Lagasse was indicted on October 9, 2003.  The two-count indictment charged him with possession with intent to distribute cocaine and hashish in the fall of 2003.  Since he

had already appeared before Judge Niedermeier on September 17, 2003, the speedy trial clock began to run on the filing of the indictment, that is, October 9, 2003.  Lagasse was arraigned on that indictment on October 23, 2003.  At the arraignment the parties agreed to extend the motions filing date to January 23, 2004 and to the tolling of the speedy trial clock from October 23, 2003 to January 23, 2004 pursuant to §3161(h)(8)(B)(iv).  The Court ordered that the speedy trial clock be tolled to January 23, 3004, and the Defendant was released on his own recognizance.  Thirteen days elapsed from the seventy-day speedy trial period from October 9 to October 23.

Lagasse filed a motion to suppress evidence on December 23, 2003.  Lagasse's suppression motion automatically extended the tolling of the statute until the hearing, which was held on April 2, 2004.  The Court denied most of Lagasse's requests for the relief at the hearing, but took one suppression issue under advisement.  Pursuant to 18 U.S.C. §3161(h)(1)(J), the delay was extended for an additional 30 days, or May 3, 2004.

The grand jury returned a superseding, thirteen-count indictment on May 20, 2004.  Lagasse was arraigned on the superseding indictment on May 27, 2004.  The new indictment significantly altered the nature of the case by adding counts

alleging possession and transportation of a stolen motor vehicle, contempt of court, witness tampering, and transporting a minor across state lines to commit an illegal sex act.  All of these new offenses allegedly occurred after Lagasse's release on his original indictment.  Upon agreement of both parties, the Court set a new motion-filing deadline of August 27, 2004 and re-set the speedy trial clock to seventy days.  The Court also tolled the speedy trial clock to the motion-filing deadline, August 27.  The motion-filing deadline was extended once again to September 26, 2004 upon a motion by Lagasse, and the time was excluded accordingly.

The Court reset the speedy trial clock for two reasons.  Both parties agreed to the change.  More importantly, the superseding indictment made significant alterations to the prosecution.  Lagasse now faced several additional criminal charges, unrelated to the offenses in the original indictment.  Although the Speedy Trial Act does not explicitly provide for resetting or tolling speedy trial periods in such circumstances, courts must be free to assess each set of circumstances to determine what the ends of justice require.  Assume, for example, a defendant who is approaching the end of the seventy-day period is confronted with a superseding indictment that adds significant new charges for which he or she has received no discovery.  In

such circumstances, justice requires resetting the clock to accommodate a defendant's need to prepare a defense. That is precisely the reason why this Court resets the speedy trial clock upon the filing of a superseding indictment that significantly alters the nature of the charges.

In the instant case, the speedy trial clock began to run on May 3, 2004 and stopped upon the filing of the superseding indictment, May 20, 2004. That period totaled 17 days. The total number of days credited to the running of the speedy trial prior to the superseding indictment was therefore 30 days. Even if the Court had not reset the clock, that thirty-day period would have no impact upon whether or not the speedy trial period expired.

Lagasse filed a motion to suppress statements on September 27, 2004 which was ruled on at a hearing held on November 23, 2004. The clock began to run again on November 24, 2004. A second superseding indictment was filed on December 20, 2004. The superseding indictment did not significantly alter the nature of the case or add any additional offenses and therefore did not warrant tolling of the statute. However, Lagasse filed a motion to continue a January jury draw on December 22, 2004. The Court granted the continuance on December 27, 2004, and scheduled the jury drawing for March 2, 2005. The filing of the continuance

motion tolled the running of the speedy trial period until March 2.  The total non-excludable days for this period of time was from November 24, 2004 to December 22, 2004, or 28 days.

Lagasse filed a motion to continue and assign new counsel on February 24, 2005.  The Court granted the motion the same day.  The case was added to the April 5, 2005 trial calendar and new counsel was appointed on February 28, 2005. At that time, the court did not enter findings on the record to exclude that delay from the speedy trial clock.  An oversight in entering an exclusion onto the docket does not bar the exclusion of that time in calculating the speedy trial time now.  See *United States v. Zedner*, 401 F.3d 36, 45 (2d Cir. 2005) (approving the position that when the record reflects that a delay requested by a defendant would serve the ends of justice, it is excludable even if the court failed to place an ends-of-justice finding on the record).

Even assuming that no additional tolling was ordered, however, the seventy-day speedy trial clock began to run again from March 3, 2005 through March 23, 2005, for a total of 21 days.  A pretrial conference was conducted on March 24, 2005, where Lagasse's new counsel Tom Sherrer stated that Lagasse wanted to proceed to trial as soon as possible. Nonetheless, Sherrer requested a continuance of the trial

based upon his inability to be adequately prepared for trial by April.  Lagasse did not object to this continuance.  The Court granted the continuance, continued the trial until June 7, 2005, and excluded the time from March 24, 2005 to June 7, 2005.

Lagasse now objects to the exclusion of the time ordered at the pretrial conference on March 24, 2005, claiming that he did not consent to it.  However, this continuance was granted to provide counsel with adequate time to prepare for a complex trial.  Given counsel's reasonable need for additional preparations, the Court properly excluded this period of time based on the ends of justice.  *See* 18 U.S.C. § 3161(h)(8)(A).

In summary, assuming that the speedy trial clock was reset pursuant to the agreement of the parties and the Court's independent finding that such a resetting served the interests of justice on May 27, 2004, the only non-excludable days were from November 24, 2004 to December 22, 2004, or 28 days.  Even if the clock were not reset, only an additional 30 days would be added, from October 9 to October 23, 2003 and May 3 to May 20, 2004.  In either event, the Speedy Trial Act has not been violated.

Conclusion

For the reasons stated above, Lagasse's Motion for Dismissal of Indictment (Doc. 54) is **denied.**

Dated at Burlington, in the District of Vermont, this 14th day of October, 2005.

/s/ William K. SessionsIII
William K. Sessions III
Chief Judge